UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Albert Olguin Jr. and Mary Helen Olguin |
| **Case Number:** | 04-12233 |

## Document Information

| | |
|---|---|
| **Description:** | Order Denying [26-1] Application For Compensation (Fees & grt: $ 961.46) by James L Nye . |
| **Received on:** | 2005-05-25 15:37:22.000 |
| **Date Filed:** | 2005-05-25 00:00:00.000 |
| **Date Entered On Docket:** | 2005-05-25 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:  ALBERT OLGUIN and  
MARY OLGUIN,

No. 13-04-12233 MA

Debtors.

## ORDER ON INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND COSTS

THIS MATTER is before the Court on the Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses and Costs ("Application for Compensation"), filed by Nye & Provencio, P.A. (James L. Nye, Esq.), attorneys for the Debtors. The Chapter 13 Trustee filed an objection to the Application for Compensation, and the parties agreed to submit letter briefs for determination of the issue by the Court. The Application for Compensation seeks payment of attorneys' fees from the Chapter 13 bankruptcy estate pursuant to 11 U.S.C. §§ 329, 330, 331, 503, 507 and 1322. The itemized description of the work performed, attached to the Application for Compensation as Exhibit A, reflects that the work for which the attorneys seek compensation relates to the withdrawal of counsel from representing the Debtor, with one entry relating to the preparation of the Application for Compensation itself.

After reviewing the Application for Compensation, considering the letter briefs submitted by counsel for the Debtors and by counsel for the Chapter 13 Trustee, and being otherwise sufficiently informed, the Court finds that the work for which the attorneys seek compensation from the Chapter 13 bankruptcy estate is not the type of work that benefits either the interest of the debtor or the estate, nor is it necessary to the administration of the estate. Therefore, such work not compensable from the estate in accordance with 11 U.S.C. § 330(a)(4)(A) or (B).

DISCUSSION

Pursuant to 11 U.S.C. § 330(a)(4)(B), counsel for a chapter 13 debtor may recover reasonable attorney's fees from the bankruptcy estate for representing the debtor in connection with the bankruptcy case. 11 U.S.C. § 330(a)(4)(B). That section provides:

> In a chapter 12 or 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

The total compensation must be reasonable, actual, and necessary, taking into consideration such factors as the amount of time spent on each task, the hourly rate charged, the complexity of the tasks performed, and "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(A), (B), (D), and (C). Services that are neither "reasonably likely to benefit the debtor's estate" nor "necessary to the administration of the case" are not compensable. 11 U.S.C. § 330(a)(4)(A). However, because 11 U.S.C. § 330(a)(4)(B) allows compensation to debtor's counsel in a chapter 13 proceeding for work that is beneficial and necessary to the debtor (as opposed to the estate generally), "'debtor's counsel is entitled to an administrative expense for compensation . . . without proof of benefit or necessity to the Chapter 13 estate or the creditors.'" *In re Argento,* 282 B.R. 108, 116 (Bankr.D.Mass. 2002) (quoting 3 Keith M. Lundin, <u>Chapter 13 Bankruptcy</u>, § 294.1 (3d ed.2000), citing *In re Famisaran,* 224 B.R. 886, 898 (Bankr.N.D.Ill. 1998)).

The Application for Compensation details work performed in preparing and obtaining an order

2

allowing counsel to withdraw from representing the Debtor, and for work in preparing the Application for Compensation. Counsel for the Debtors asserts that these services are compensable because they are "necessary to the administration of the estate." In making this argument, counsel appears to concede that such services did not confer a benefit either to the Debtors or to the bankruptcy estate. This Court agrees. By withdrawing as counsel, the Debtors are left to complete their chapter 13 plan of reorganization without further assistance of counsel, or without having to engage new counsel. This confers no benefit to the Debtors, who are left to fend for themselves. Indeed, "the practice in some jurisdictions is that once the chapter 13 debtor's attorney commences representation, the initial fee requires the lawyer to represent the debtor through discharge which is typically three to five years later." *In re Gutierrez,* 309 B.R. 488, 493, n.7 (Bankr.W.D.Tex. 2004) (citing 4 Keith M. Lundin, Chapter 13 Bankruptcy § 294.1, at 294-14 (3d ed. 2000 and Supp. 2002)).

The question remains whether time spent in connection with obtaining a withdrawal of counsel is necessary to the administration of the estate. This Court finds that it does not. While withdrawing as counsel of record is administrative, inasmuch as it informs all interested parties that the Debtors will proceed *pro se* unless and until they retain new counsel, it does not contribute to the administration of the bankruptcy estate. Moreover, the Application for Compensation requests fees in the amount of $906.50 for 4.9 hours of work performed in connection with obtaining an order allowing counsel to withdraw, and for work in preparing the Application for Compensation itself. Even if such fees were otherwise compensable from the bankruptcy estate, the amount requested here is excessive. *See In re Reconversion Technologies, Inc.,* 216 B.R. 46, 56 (Bankr.N.D.Okla. 1997) (In determining the amount of reasonable compensation, the court "should disallow hours that were 'duplicative,

3

unproductive, excessive, or otherwise unnecessary.'" (quoting *In re Shades of Beauty, Inc.*, 56 B.R. 946, 951 (Bankr.E.D.N.Y.1986) (citations omitted).

      WHEREFORE, IT IS HEREBY ORDERED, that the Application for Compensation is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

James L. Nye
1721 Carlisle NE
Albuquerque, NM 87110

Kelley L. Skehen
Chapter 13 Trustee
625 Silver SW, Suite 350
Albuquerque, NM 87102

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545